[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
FEB 25, 2010
JOHN LEY
CLERK

No. 09-13567
Non-Argument Calendar

_____

D. C. Docket No. 08-03284-CV-GET-1

SEAGULL ENTERPRISES, LLC,

Plaintiff-Appellant,

versus

TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(February 25, 2010)

Before EDMONDSON, MARCUS and ANDERSON, Circuit Judges.

PER CURIAM:

Seagull Enterprises, LLC appeals from the district court's final order, entering final judgment in favor of Travelers Property Casualty Company of America, in Seagull's lawsuit seeking recovery under insurance policies that

covered losses caused by theft. On appeal, Seagull argues that the district court erred in granting summary judgment to Travelers because it construed an exclusion in the policies in an "utterly absurd" manner. After thorough review, we affirm.

We review an order granting summary judgment de novo, viewing all of the facts in the record in the light most favorable to the non-movant. Brooks v. County Comm'n of Jefferson County, Ala., 446 F.3d 1160, 1161-62 (11th Cir. 2006). Summary judgment is appropriate where the movant demonstrates, through pleadings, interrogatories, and admissions on file, together with the affidavits, if any, that no issue of material fact exists, and they are "entitled to judgment as a matter of law." Fed. R. Civ. P 56(c). "A party moving for summary judgment has the burden of showing that there is no genuine issue of fact." Eberhardt v. Waters, 901 F.2d 1578, 1580 (11th Cir. 1990) (quotation omitted). "A party opposing a properly submitted motion for summary judgment may not rest upon mere allegations or denials of [its] pleadings, but must set forth specific facts showing that there is a genuine issue for trial." Id. (quotation and brackets omitted). "All evidence and reasonable factual inferences therefrom must be viewed against the party seeking summary judgment." Id. Speculation or conjecture from a party cannot create a genuine issue of material fact. Cordoba v. Dillard's, Inc., 419 F.3d 1169, 1181 (11th Cir. 2005). "A mere scintilla of evidence in support of the

nonmoving party will not suffice to overcome a motion for summary judgment."

Young v. City of Palm Bay, 358 F.3d 859, 860 (11th Cir. 2004).

Under Georgia law, contracts of insurance are interpreted by ordinary rules of contract construction. Boardman Petroleum, Inc. v. Federated Mut. Ins. Co., 269 Ga. 326, 327 (1998). Where the terms of the contract are clear and unambiguous, the court is to look to the contract alone to ascertain the parties' intent. Id. at 328. The contract is to be considered as a whole and each provision is to be given effect and interpreted so as to harmonize with the others. Id. Any ambiguities in the contract are to be construed against the insurer as the drafter of the document. Id.

The Travelers policy at issue contains the following exclusion:

1. We will not pay for loss of or damage to property, as described and limited in this section. In addition, we will not pay for any loss that is a consequence of loss or damage as described and limited in this section.

* * *

e. Property that is missing, where the only evidence of the loss or damage is a shortage disclosed on taking inventory, or other instances where there is no physical evidence to show what happened to the property.

Seagull seeks coverage under its policy for $200,000 worth of carpet, vinyl and padding that it discovered was missing from its Tampa warehouse in January

3

2008.  Seagull claims that these items were stolen from the warehouse over the course of 2007, but does not know what exactly happened to the inventory, since there were no signs of breaking and entering, no damaged locks, and no broken doors or glass.  After receiving Seagull's notice of claim and investigating the loss, Travelers concluded that the loss was excluded under the policy exclusion quoted above, and denied Seagull's claim.  Seagull brought this lawsuit against Travelers to recover for its loss, and the district court ultimately granted summary judgment, and entered final judgment, in favor of Travelers.

On appeal, Seagull argues that the policy exclusion does not apply to its loss, on the ground that the term "physical evidence," as used in the policy exclusion, can consist of the absence of massive items where the circumstances clearly point to theft, especially where there is additional evidence of a theft such as a confession or similar testimony.  It relies on the testimony of one of its employees, Jose Ibarra, who told a Travelers investigator that he knew who stole some merchandise but refused to say who stole it, indicating that it was his cousin. However, Mr. Ibarra also opined that there was no way the large amount of product allegedly stolen could have been stolen, and if it was, it would have had to have

4

been stolen over a period of time longer than a year, the amount of time in which Seagull alleges the flooring was taken.[1]

We agree with Travelers, and the district court, that the policy exclusion plainly applies here. The policy excludes coverage in situations where there is "no physical evidence to show what happened to the property." Seagull has failed to point to an issue of material fact regarding whether there is any "physical evidence" showing what happened to the missing flooring. For starters, Seagull's claim that the mere absence of the missing flooring -- even if massive -- satisfies the policy language must fail. Rejecting this same argument in C.T.S.C. Boston, Inc. v. Continental Ins. Co., 25 F. App'x 320 (6th Cir. 2001) (unpublished), the Sixth Circuit has held that "[t]his line of reasoning leads to the paradoxical

---

[1] Although Mr. Ibarra's statements were not recorded, the investigator included a description of the interview in his report to Travelers. The report provides:

> . . . Jose Ibarra's cousin (Julio Garcia) was a previous employee of Seagull, but he left 1.5 years ago . . . Jose Ibarra would not go on the record and refused the polygraph, but he did say off the record that he knows who stole some merchandise but said he would not "rat anybody out." Apparently, after Julio left . . ., they did not change the locks. Jose felt like there was no way the amount of product (850 rolls) could be stolen and if it was, it would have to have occurred over a long period of time, not just in the last year.
>
> . . .
>
> When we initially interviewed Jose, he stated that he knows who stole some merchandise, but he's not going to rat anybody out. We asked if it was his cousin, and he said, "I'm not saying anything, that's my cousin."

McLemore Aff., Ex. 1, at 55.

conclusion that all missing property would be covered by the policy when there is no physical evidence of what happened to it, based on the 'missing property' exclusion itself." Id. at 326.  We cannot ignore this paradox that Seagull urges us to accept simply because the items are large -- especially where, as here, the record shows that the items are consumable and did not have a specific location on the floor, indicating that they could have been misplaced, or even used.

We also are unpersuaded by Seagull's reliance on the statement of Jose Ibarra to satisfy the "physical evidence" requirement.  Among other things, Seagull has offered nothing to show that Ibarra's statement to the insurance investigators constitutes "physical evidence," under the plain meaning of the term.  Indeed, in another context, the Supreme Court has described "real or physical evidence" as "fingerprinting, photographing, or measurements, to write or speak for identification, to appear in court, to stand, to assume a stance, to walk, or to make a particular gesture."  Schmerber v. California, 384 U.S. 757, 764 (1966); see also Blasiar, Inc. v. Fireman's Fund Ins. Co., 76 Cal. App. 4th 748, 754 (Cal. App. 2d Dist. 1999) ("One way of restating the common understanding of the phrase 'physical evidence' is "tangible facts or circumstances.'").  While this definition may be overly narrow for the context at hand, Seagull has failed to provide any

6

reason as to why an unsworn, unrecorded statement relaying what someone may have heard should constitute "physical evidence."

Moreover, nothing in the record suggests that Ibarra's statement even relates to physical evidence of theft of the allegedly stolen flooring for which Seagull is seeking insurance coverage. Rather, Ibarra's statement indicated that he did not have information pertaining to that particular amount of flooring, and that if he did, it had not been stolen in the time frame Seagull was claiming. Thus, Seagull has not raised any issues of fact -- beyond mere speculation -- to suggest that there is "physical evidence to show what happened to the [allegedly stolen] property." See, e.g., Blasiar, 76 Cal. App. 4th at 757 (upholding application of "physical evidence" exclusion where "there was no physical evidence that tended to account for what happened to the property identified as lost in the January 31 inventory"). As a result, this case is unlike National American Ins. Co. v. Columbia Packing Co., Inc., 2003 WL 21516586, *6 (N.D.Tex. 2003) (unpublished), where the insured relied on "a judicial confession and the sworn testimony of [an employee] admitting that he stole approximately $200,000 worth of meat from [the insured] between December 1999 and May 2000" -- nearly the identical amount claimed as a loss by the insured.

Because Seagull has failed to raise any genuine issues of material fact regarding the application of the policy exclusion, the district court did not err in denying coverage to Seagull and granting summary judgment to Travelers. We therefore affirm the decision of the district court.

**AFFIRMED.**